UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM R. BOWMAN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-03736-WTL-TAB |
| KEITH BUTTS, Warden of the New Castle Correctional Facility,[1] | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
And Directing Entry of Final Judgment**

William R. Bowman's petition for a writ of habeas corpus challenges his disciplinary conviction WVD 17-04-0020 on April 17, 2017. For the reasons explained in this Entry, Bowman's habeas petition is **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985);

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the petitioner's current custodian, Keith Butts, Warden of the New Castle Correctional Facility, is properly substituted for Superintendent Dick Brown.

*Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

    **B.**    **The Disciplinary Proceeding**

On April 3, 2017, a report of conduct was issued by Jess M. Bline against Bowman. Bowman was charged with offense B-213, threatening, in case WVD 17-04-0020. The report of conduct stated:

> Mr. William Bowman DOC #156713 came through the diet line and passed his diet card through the window. At that point Mr. Adrian L. Galbreath informed Jess M. Bline that Officer Shroyer left orders to pull Mr. Bowman's diet card because he was not using it right. When I took the card, Offender Bowman told Offender Galbreath that he would beat his white faggot ass when he caught up with him.

Dkt. No. 9-1. Bowman's personal preference diet card was then confiscated because the card was expired and he was not on the diet list. Dkt. No. 9-2.

The screening officer, Aaron Benefiel, testified that Bowman was notified of the charge on April 10, 2017, when he was screened and the Screening Report was completed. At that time, Bowman pleaded not guilty to the charge. Dkt. No. 9-3. He requested a lay advocate, but he did not request any witnesses or physical evidence.

A hearing was held on April 17, 2017. Bowman pleaded not guilty and said, "I didn't say that." Dkt. No. 9-7. Bowman further asserted that the conduct report was false because "white people [do] not call[] others white." *Id.*

Bowman provided a witness statement from Offender Brian Ogle (IDOC #156782), which stated:

> On the date in time in question I heard an inmate serving food out the diet window telling staff to take a lacto card and refuse to make lacto tray. I heard my name so I look to only see & hear A.G. repeat what I just hearing. So, I asked why you snitchin? I heard you. Why you got beef w/ me? He said, "Not you Bowman." So I relay the threat to Bowman, as he is summoned to the window, where he turned to ask inmate A.G., "we got beef or something?" S.R. said "something" Bowman turns

> and tells me, "you hearing this tough guy behind this window?" So Bowman asked A.G. did you just tell them ppl. to take my card? A.G. said what if I did? Bowman replied, then you'd be snitchin, bitch-ass coward. Mrs. Jones seem to side w/ Bowman telling him to talk to Lt. for him to get his card. It should be noted that I was verbally engaging at the same time.

Dkt. No. 9-5. This statement was considered by the hearing officer.

Bowman complained that he had not been screened and stated that he wanted correctional officer Jones's statement and video evidence. Then, Bowman started talking about his mother dying and past hearings; Bowman was given two warnings to stop. He did not stop and as a result the hearing was terminated.

The hearing officer considered the request for video evidence. That request was denied as irrelevant because there is no audio with the video. Officer J. Jones was contacted while she was in the visiting room and she reported that Bowman threw his identification card in the window, and stated, "I'm going to kick his ass." Dkt. No. 9-7.

Based on Bowman's statement, the staff reports, and the confiscated property, the hearing officer found Bowman guilty of offense B-213, threatening. The sanctions imposed included a written reprimand, loss of phone privileges from April 18 until April 28, 2017, 30 days credit time deprivation, and a suspended one credit class demotion.

Bowman appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bowman' custodian has responded and no reply was filed.

**C.    Analysis**

Bowman raises three grounds for relief in his habeas petition. For the reasons discussed below, there was no due process violation and Bowman is not entitled to any relief.

Bowman's first ground for relief in his habeas petition is that he was denied screening on April 10, 2017, by Officer Benefiel. Officer Benefiel's affidavit directly contradicts this statement. But regardless of whether Bowman was "screened," all due process requires is that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted). There is no dispute that Bowman was given a copy of the screening report on April 14, 2017. This copy was sufficient to give Bowman written notice of the charges prior to the April 17, 2017, disciplinary hearing.

Bowman's second ground for relief is that he was denied video evidence and a second statement from Brian Ogle during the disciplinary hearing. An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. The hearing officer properly sought out and considered evidence requested by Bowman for the first time at the disciplinary hearing. The respondent's suggestion that such requests were untimely is rejected. A request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002).

Due process did not require the hearing officer to seek out an additional statement from Ogle. This is because Bowman has failed to describe how an additional statement from Ogle would have aided in his defense. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and

thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Bowman's request for video evidence was denied as irrelevant because the video did not include audio. Bowman argues in his petition that the video would show the physical location of other inmates and Jess Bline (the author of the conduct report). Bowman's theory is that because other inmates were around, other inmates could have made the statement that was considered threatening and that the video would show that Jess Bline did not have a direct line of sight to Bowman when he allegedly made the threat. In rejecting the video evidence, the hearing officer noted that the video will not reflect Jess Bline's line of sight and that it is irrelevant because there is no audio. Under these circumstances, Bowman was not denied exculpatory evidence. Evidence is exculpatory if it undermines or contradicts the finding of guilty, and it is material if disclosing it creates a "reasonable probability" of a different result. *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). The consideration of the video would not have created a reasonable probability of a different result under the circumstances. Further, Bowman requested and received a statement from Officer Jones that confirmed the conduct report.

Bowman's final ground for relief is that the hearing officer should have understood Brian Ogle's statement to reflect that Ogle was responsible for making the statements that were considered threatening. Bowman may wish this is what Ogle's statement said but no reasonable person would construe Ogle's statement in this manner. The hearing officer was required to consider Ogle's statement, but was not required to accept it as true or to interpret the statement in the manner Bowman suggests. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The

some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Bowman to the relief he seeks. Accordingly, Bowman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/25/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM R. BOWMAN
156713
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov